**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN R. ALEJANDRO *et al.*** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-897** |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |

**McHUGH, J.** **June 8, 2022**

**MEMORANDUM**

This is an action in which Plaintiffs, proceeding *pro se*, allege that Freedom Mortgage Corporation violated the Fair Debt Collection Practices Act and the Truth in Lending Act by engaging in "unlawful activity" including extending them a loan, failing to rescind the loan, harassing and defaming them, and damaging their credit. Freedom Mortgage Corporation has filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it is not a debt collector for purposes of the Fair Debt Collection Practices Act and that Plaintiffs' TILA claim is barred by the statute of limitations. For the reasons that follow, the motion will be granted.

**I. Factual Allegations:**

On January 22, 2021, Plaintiff Olivia Alejandro, individually, and Plaintiffs Olivia Alejandro and Jonathan Alejandro, solely as trustees of the Alejandro Family Revocable Living Trust, obtained a loan with Finance of America Mortgage which paid off/refinanced a prior mortgage loan against a property located at 151 West Airy Street, Norristown, PA 19401. Pl.'s Resp. Mot. to Dismiss at 4, ECF 8. Plaintiffs then executed a note evidencing the loan and a

mortgage securing the loan against the property at 151 West Airy Street. Note and Mortgage, Mot. to Dismiss, Exs. A, B, ECF 7.[1]

On March 26, 2021, the Defendant, Freedom Mortgage Corporation (FMC) assumed the mortgage note.[2] Compl. at 10, ECF 1. In their Complaint, Plaintiffs do not dispute that the note was assigned or the validity of this assignment.[3] Plaintiffs' Complaint is silent as to whether the loan was current or in default when it was transferred to FMC.

Nearly a year later, on March 8, 2022, Plaintiffs filed this complaint, alleging FMC violated the Fair Debt Collection Practices Act (FDCPA) and the Truth in the Lending Act (TILA) in its handling of the loan. Compl. at 2. First, the Plaintiff claim that they were not provided with notices of their right to rescind and all the disclosures required for an offer of consumer credit. *Id*. at 7. They further allege that they were "denied our consumer rights to make an intelligent informed decision concerning this consumer credit transaction," and were "coerced" into giving a cash down payment and providing personal information. *Id.*

Plaintiffs do not state if or when they stopped making payments on the loan, but many of Plaintiffs' allegations relate to FMC's collection efforts, so necessarily Plaintiffs' payments stopped at some point. Plaintiffs allege that FMC engaged in fraud, harassment, and

---

[1] I may consider the Note and Mortgage attached to the Motion to Dismiss because they form the basis of Plaintiff's claims. *See Pension Ben. Guar. Corp. v. White Consol. Inds., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.")

[2] In context, I read this to mean that FMC was assigned the note. While the complaint does not include the date that FMC assumed or was assigned the mortgage, Defendant asserts that it was on March 26, 2021 and in their Response to the Motion to Dismiss, Plaintiffs adopt March 26, 2021 as the relevant date. ECF 8 at 4.

[3] Plaintiffs complain of a denial of their "right to receive an audit trail and original contract with 2 wet ink signatures," but in context, it is not clear what this refers to. Compl. at 8. Moreover, neither the FDCPA nor TILA provide a right to an "audit trail" or require "wet ink" signatures.

misrepresentations. Specifically, Plaintiffs assert that FMC has harassed them by calling them "almost every day at our workplace" and at home, "interfering with our sleep schedules." *Id.* Plaintiffs allege that their credit reports have been "sabotaged" due to FMC's "fraudulent reporting" and that FMC has "defamed our character" and "sunk our credibility." *Id*. They further assert that FMC has ignored the cease-and-desist "order," debt validation letter, and recission paperwork they forwarded. *Id*. at 8-9. Plaintiffs seek $5,657,851.47 in damages, the original deed and title free and clear of all liens, and request that FMC "cease all infringement on Plaintiffs' intellectual property," "zero out the balance on this account," report their account in good standing to consumer reporting agencies, and discharge their debt. *Id.* at 10.

Defendant have moved to dismiss and Plaintiffs have responded and cross-moved for summary judgment, which Defendant both opposes and seeks to strike. Defendant's Motion to Dismiss will be granted and Plaintiffs' Motion for Summary Judgment will be denied.

## II. Standard of Review

Within the Third Circuit, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiffs are *pro se*. There is a clear, well-established "obligation to liberally construe a *pro se* litigant's pleadings," *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011), and *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "[*p*]*ro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013).

**III. Discussion:**

Plaintiffs' Complaint alleges violations limited to the FDCPA and TILA. In responding to the motion, Plaintiffs invoke a number of state statutes, including the Pennsylvania Unfair Practices and Consumer Protection Law (UTPCPL) and the Fair Credit Extension Uniformity Act (FCEUA). But such new causes of action are not properly raised in a response: "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal citation omitted).[4] I therefore focus solely on Plaintiffs' claims raised in their Complaint: violations of the FDCPA and TILA.

a. Plaintiffs' FDCPA Claim Fails

Plaintiffs allege that Defendant has violated the FDCPA by engaging in various prohibited practices as a "debt collector." Defendant seeks dismissal on the basis that it is not a "debt collector" under the FDCPA as a matter of law.

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018) (internal citation omitted). The threshold question is whether FMC qualifies as a "debt collector."

The exact relationship between FMC and the debt at issue is unclear under the Complaint as pleaded. It broadly asserts that FMC "assumed the mortgage note," which in this context I understand to mean one of two things. First, that FMC assumed responsibilities on behalf of the

[4] Nor is it clear from the facts pleaded that such claims would survive even if properly before the Court.

legal holder of the note, *i.e.,* was servicing the loan, or second, that FMC had bought the loan and was attempting to collect money owed on its own behalf. In support of the first scenario—FMC FMC as loan servicer—the Complaint alleges that "Freedom Mortgage Corporation unlawfully accepted payments towards the alleged debt." Compl. at 9. In its Motion to Dismiss, FMC asserts that it is in fact a mortgage servicer pursuing collection under the mortgage note.[5] The second interpretation finds support in Plaintiffs' statement in its responses to the Motion to Dismiss: "Finance of America LLC sold the mortgage debt to Freedom Mortgage Corporation." Resp. at 4, ECF 8. Under either relationship, FMC is not a debt collector pursuant to the statutory definition.

The FDCPA provides two alternative definitions of "debt collector" to include (1) any person "who uses any instrumentality of interstate commerce ... the principal purpose of which is the collection of any debts," or (2) any person who "regularly collects ... debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Complaint fails to allege facts which could establish that FMC meets either definition.

If FMC purchased the debt and was attempting to collect the debt on its own behalf, it would only be a debt collector if the "principal purpose" test is met. *See Tepper v. Amos Financial, LLC*, 898 F.3d 364 (3d Cir. 2018) (holding that debt buyers qualify as debt collectors under the FDCPA if their "principal purpose" is collecting debts). To satisfy the "principal purpose" definition, the person or entity's "most important aim" must be the collection of debts. *Barbato v. Greystone Alliance*, *LLC*, 916 F.3d 260, 267-69 (3d Cir. 2019) (internal quotation marks omitted)

[5] Plaintiff has submitted a letter from FMC as an attachment to their cross-motion which supports FMC's characterization of its role, stating that the servicing of the loan was transferred from Finance of American MTG LLC to Freedom Mortgage Corporation effective March 26, 2021. Mot. Summ. J., Ex. M, ECF 9-15. But I do not rely upon this letter in deciding this Motion to Dismiss, as it is neither attached nor integral to the Complaint.

(contrasting a debt collector with a bank "for which debt collection is one of perhaps many parts of its business").  Here, there are no factual allegations pleaded to suggest that FMC is an entity whose most important aim is the collection of debts.  Nor is FMC a debt collector under the "regularly collects" definition because that definition is only applicable to entities collecting debt "for another." *Henson v. Santander Consumer USA*, 137 S. Ct. 1718, 1721 (2017) (internal quotation marks omitted).

Alternatively, if FMC is a mortgage servicer collecting on a loan that it services, it also does not meet the FDCPA's definition of debt collector as the Complaint currently stands.  Specifically excluded from the statutory definition's reach is, in relevant part, "(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person…".  15 U.S.C. § 1692a(6)(F).  Courts, accordingly, have dismissed FDCPA claims where plaintiffs failed to allege that a mortgage servicer was assigned the loan after it went into default.  *See, e.g.*, *Jones v. Select Portfolio Servicing, Inc.*, No. CIV. A. 08-972, 2008 WL 1820935, at *7 (E.D. Pa. Apr. 22, 2008) (collecting cases and noting that a mortgage servicer "is not a 'debt collector' under the FDCPA when the mortgage at issue was not already in default at the time that the mortgage servicing company began servicing the loan.").  Here, the Complaint does nothing more than summarily state that the FDCPA applies.  Compl. at 10.  *See Bright v. Westmoreland County*, 380 F.3d 729, 733 (3d Cir. 2004) (A court "should reject … 'sweeping legal conclusions in the form of factual allegations'"); *Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 2015 WL 4578479, (D.N.J., July 29, 2015), *affirmed* 658 F. App'x 108, 111 (3d Cir. 2016).  The Complaint contains no supportive factual assertions that FMC either accepted the loan while it was

in default or treated it to be so at that time.[6] Therefore, Plaintiffs' Complaint fails to plead that FMC is a debt collector and subject to the FDCPA.

In response to the Motion to Dismiss, Plaintiffs make a number of creative, but legally groundless arguments. They characterize FMC's argument as being that "they aren't debt collectors due to the loan being transferred." Plaintiffs then cite Black's Law Dictionary's definition of "transfer" and assert without citation that "[i]f a debt is sold from an original party to another party (FMC), this makes everyone who wasn't present to the original contract a 3rd party debt collector." ECF 8 at 10. This misstates the law and ignores the statutory definitions. Although I must construe all facts in the light most favorable to Plaintiffs, litigants' erroneous legal assertions are entitled to no credence in resolving the motion to dismiss.[7]

Courts should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). "This certainly includes amendment to cure defective allegations." *Shifflett v. Korszniak*, 934 F.3d 356, 366 (3d Cir. 2019) (citing 6 Wright & Miller, Federal Practice and Procedure: Civil § 1474 (3d ed. 2019)). Plaintiffs are therefore granted leave to amend their FDCPA Claim consistent with this memorandum to the extent that they can allege facts sufficient to state a plausible claim for relief. [8]

---

[6] Indeed, it appears from a credit report submitted by Plaintiffs that they may be unable to allege that the debt was in default, because the report indicates that the loan was current at the time that it was either bought or assigned for servicing to FMC. Mot. Summ. J., Ex. L, ECF 9-14. Once again, however, I do not rely upon this report in my decision as it is neither attached nor integral to the Complaint.

[7] In their response Plaintiffs also restate several other provisions of the FDCPA and reiterate their claims as to their debt validation letter and cease and desist letter being ignored. This ignores the threshold issue of whether the Act applies.

[8] I also note that Plaintiffs' current Complaint requests damages far beyond what is provided for by statute. The FDCPA allows for actual damages, punitive damages up to $1,000, and costs and reasonable attorney's fees, not the millions of dollars in payment or the free and clear title requested. 15 U.S.C. § 1692k(a)(1), (2)(A), (3).

      b. Plaintiffs' TILA Claim Fails

Plaintiffs further allege that FMC violated the Truth in Lending Act by engaging in unlawful activity as part of the consumer credit transaction. There are several deficiencies with Plaintiffs' TILA claim and it will be dismissed.[9]

*i. Plaintiffs' Damages Claim is Time Barred*

The Truth in Lending Act "requires lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosure provisions." *Ramadan v. Chase Manhattan Corp*., 156 F.3d 499, 500 (3d Cir. 1998). Claims brought under the Act for damages are subject to a one-year statute of limitations, unless there is cause for equitable tolling. *Id.* at 505; 15 U.S.C. § 1640(e). The one-year statute of limitations runs "from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In a case where the alleged violation was the failure to make timely disclosures, the date of the violation is deemed to be the date that the loan transaction was consummated, which is characterized as when the consumer "becomes contractually obligated on a credit transaction." 12 C.F.R. § 1026.2(a)(13). Essentially, the violation occurs at the point in time when the disclosures should have been made but were not. *See, e.g., Oldroyd v. Assocs. Consumer Disc. Co./PA*, 863 F. Supp. 237, 240 (E.D. Pa. 1994).

Plaintiffs allege that FMC violated TILA by failing to provide disclosures at the closing of the loan, which occurred on January 22, 2021. *See* Compl. at 4 ("Our claim occurred on 01/22/2021 between 3pm and 5pm"); 12 C.F.R. § 1026.17(b) (stating that the "creditor shall make disclosures before consummation of the transaction."). Specifically, Plaintiffs allege that FMC failed to disclose notice of right to rescind; failed to disclose billing rights statement; and failed to

[9] Defendant also asserts that Jonathan Alejandro lacks standing to assert a TILA claim, as he is not a borrower under the Note, since he signed only as a Trustee of the Alejandro Family Revocable Living Trust. As I find that the claim is time barred, I need not reach this argument.

disclose aspects of the finance charge.[10] Plaintiffs filed this suit on March 8, 2022, which is beyond the statute of limitations, and Plaintiffs have not alleged that equitable tolling applies. Therefore, their TILA claims will be dismissed without prejudice. *See e.g.*, *Shareef v. Consumer Portfolio Servs. Inc.*, No. 21-CV-4039, 2021 WL 5823011, at *2 (E.D. Pa. Dec. 7, 2021) (dismissing claims without prejudice where one year had passed and Plaintiffs did not allege applicability of equitable tolling).

*ii. Plaintiffs Fail to State a Claim for Recission*

When a consumer credit transaction creates a security interest in the consumer's home in favor of the lender, the consumer has the right to rescind the transaction. 15 U.S.C. § 1635(a); 12 C.F.R. § 1026.23(a)(1) & (3). "This regime grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements." *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 261–62 (2015). The

[10] Even were Plaintiffs' claim not time barred, the finance charge disclosure challenge is inadequately pleaded. It is not clear if Plaintiffs are alleging a defective disclosure or complete lack of disclosure. Plaintiffs' Complaint states "we were never given notices that the finance charge was the sum of all charges for the entire consumer credit transaction. We were denied this disclosure, leading us to believe that we had to purchase our own homeowner's insurance and pay interest monthly." Compl. at 7. Later, the Complaint states that "FMC unlawfully didn't disclose the finance charge which is the sum of all charges and includes homeowners' insurance, interest, in this consumer credit transaction." *Id*. at 8. To the extent that the Complaint is challenging a defective disclosure related to homeowners' insurance, TILA does not mandate that property damage and liability insurance charges be included within the finance charge so long as "a clear and specific statement in writing is furnished by the creditor to the person to whom the credit is extended, setting forth the cost of the insurance if obtained from or through the creditor, and stating that the person to whom the credit is extended may choose the person through which the insurance is to be obtained." 15 U.S.C. § 1605(c). Here, there is nothing in the Complaint alleging that such notice was not provided.

In addition, the Plaintiffs summarily state that they were not provided with "the required material disclosures including the billing rights statement" without pleading facts to establish this requirement applies. Creditors are required to re-disclose consumers' billing rights periodically after an open-end credit plan is opened. 12 C.F.R. § 1026.9(a). But the transaction here is closed-end credit. Moreover, "[f]ailure to give . . . [the] billing rights statement. . . does not prevent the running of the rescission period, although that failure may result in civil liability or administrative sanctions." 12 C.F.R. § Pt. 1026, Supp. I, Part 1.

creditor must "deliver two copies of the notice of the right to rescind to each consumer entitled to rescind" and provide all "material disclosures," which includes "disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule," and various other items. 12 C.F.R. § 1026.23 at (a)(3)(ii); (b)(1). If the lender never submits the required disclosures to the borrower, the borrower's right to rescind extends to up to three years after the consummation of the lending transaction. 15 U.S.C. § 1635(f). When a borrower exercises his or her right of rescission, the creditor must return any earnest money or downpayment to the borrower and terminate its security interest in the borrower's property within twenty days. 15 U.S.C. § 1635(b). After the creditor completes these obligations, the borrower must return the borrowed money to the creditor. *Id.*

It is undisputed that Plaintiffs did not rescind within the first three days. Instead, Plaintiffs' Complaint affirmatively pleads that they sent FMC recission paperwork, which was received on January 5, 2022, close to a year after the refinancing was consummated. Compl. at 8. That does not automatically bar their claim, as Plaintiffs have alleged that they were not provided with two copies of the notice of the right to rescind, which would render the three-year, rather than the three-day, period potentially applicable. Defendant attaches copies of Notices of Right to Cancel signed by Plaintiffs to its Motion to Dismiss, which it argues proves that Plaintiffs were given the appropriate notices. Notices, Ex. C, ECF 7. Under 15 U.S.C. § 1635(c), these documents raise a "rebuttable presumption of delivery thereof."

Plaintiffs have not alleged that the Notices of the Right to Cancel are inaccurate or alleged any facts to rebut the presumption of delivery. Instead, Plaintiffs argue that "right to cancel is a misleading document that doesn't have the same meaning as right to rescind." Resp. at 16, ECF 8. They then cite Black's Law Dictionary definitions of "rescind" and "cancel," presumably to

indicate that the words have different definitions, further asserting, without authority, that "a recission pertaining to contracts is not terminating or cancelling the contract you are just deducting your liability to perform/pay." *Id.* These arguments are meritless. The Notice here contains substantially similar language and an identical heading— "Notice of Right to Cancel" —as the model recission forms set out in TILA's implementing regulations' appendix. *See* 12 C.F.R. § Pt. 1026, App. H; *see also* 12 C.F.R. § Pt. 226, App. H (same). Because Plaintiff does not plead facts to rebut the presumption of delivery, Plaintiffs have failed to state a valid claim for recission. *See Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564, 571–72 (D.N.J. 2010) (dismissing recission claim where plaintiffs offered no explanation to rebut presumption); *Gonzales v. CIT Group/Consumer Fin., Inc.*, 2008 WL 4771856, at **3–4 (E.D. Pa. Oct. 30, 2008) (rejecting plaintiff's argument that she did not receive two copies of notice of right to rescind because defendant presented a notice signed by plaintiff in which she acknowledged receipt of two copies and because plaintiff did not proffer sufficient evidence to rebut the presumption).

*iii. The TILA Claim Is Inadequately Pleaded*

Finally, even if timely, Plaintiffs' TILA claim fails because it is inadequately pleaded. It alleges that FMC failed to make the required disclosures when Plaintiffs refinanced the loan with Finance of America Mortgage and that FMC only acquired the debt or the servicing of the loan after closing. Assignee liability "with respect to a consumer credit transaction secured by real property may be maintained against any assignee of such creditor only if-- (A) the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this subchapter; and (B) the assignment to the assignee was voluntary." 15 U.S.C. § 1641 (e)(1). A violation is apparent on the face of the disclosure statement if "(A) the disclosure can be determined to be incomplete or inaccurate

by a comparison among the disclosure statement, any itemization of the amount financed, the note, or any other disclosure of disbursement; or (B) the disclosure statement does not use the terms or format required to be used by this subchapter." *Id*. at (e)(2). Plaintiffs here do not allege that the violations were apparent on the face of the disclosure statements. Moreover, as discussed above, the notices of the right to cancel attached to the Motion to Dismiss do not reveal any apparent TILA violations and the finance charge and billing rights statement allegations are inadequately pleaded. *See Siwoniku v. Fed. Nat'l Mortg. Ass'n*, No. CV 17-3949, 2018 WL 4361586, at *2 (E.D. Pa. Sept. 12, 2018) (dismissing claim for assignee liability where Complaint was devoid of facts alleging violation on face of disclosures).

As with Plaintiffs' FDCPA claims, the dismissal here is without prejudice to Plaintiffs' ability amend their complaint consistent with this memorandum should they be able to allege facts sufficient to state a plausible claim for relief.

    c. Plaintiff's Motion for Summary Judgment:

As I find that Plaintiff's Complaint has failed to state a claim under which relief could be granted, Plaintiff's Motion for Summary Judgment will be denied.[11]

---

[11] In their Motion for Summary Judgment, Plaintiffs rely on the fact that they sent FMC "affidavits of truth," to which FMC never responded, a failure which Plaintiffs allege "makes everything stated in the affidavit of truth's which stands a truth in the court of law per (231 Pa. Code § 1035.4)." Mot. Summ. J. at 3, ECF 9. In so stating, Plaintiffs persist in making conclusory legal assertions not grounded in, or often contrary to, the law. The provision of the Pennsylvania Code which Plaintiffs cite describes the requirements for affidavits but does not stand for the proposition that if the affidavit is not rebutted, everything averred must be taken as true.

In their Response to Defendant's Motion to Strike, Plaintiffs also state that they have "already done an administrative process which resulted in a judgment against in Defendant. None of the stated facts throughout the administrative process were ever challenged . . . Plaintiffs are merely asking the court to grant judgment on the record, that plaintiff has already acquired a judgment with their own administrative process." Resp. at 3, ECF 14. This is meritless. A litigant cannot create a dispute resolution process without the consent of the opposing party and then presume to adjudicate the merits of the dispute. *See Shabazz v. Crawford,* No. CV18479JMVCLW, 2018 WL 3405260, at *2 (D.N.J. July 11, 2018) (party was not entitled to create their own financial instruments and then impose penalties by citation to proverbs from the Bible).

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is granted. Plaintiffs' claims will be dismissed without prejudice. Plaintiffs' Motion for Summary Judgment is denied and Defendants' Motion to Strike Plaintiffs' Motion for Summary Judgment is denied as moot.

/s/ Gerald Austin McHugh
United States District Judge

In their Reply Brief, Plaintiffs further allege that once they mailed a newly recorded security agreement to which FMC did not object, a new contract was formed. Reply Mot. Summ. J. at 1, ECF 17. This misunderstands the law of contracts, which provides that, "to be a contract, the offer must be accepted. An offeree has a right to make no reply to offers, and his silence and inaction cannot be construed as an assent to the offer." *In re Baum's Estate*, 117 A. 684, 685 (Pa. 1922).